**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JOSUE A. LUBIN** | : |
| Petitioner | : |
| v | : Civil No. L-05-2523 |
| **ALBERTO GONZALEZ,** *et al.* | : |
| Respondents | : |

o0o

**MEMORANDUM**

Pending is Josue Lubin's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, challenging his continued detention pending removal from this country. No hearing is necessary because the parties have fully briefed the issues. See Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court, by separate Order, denies the Petition without prejudice and orders the Respondent to provide a report concerning Lubin's removal status.[1]

**I.    BACKGROUND**

Lubin is a native of Haiti who is being detained at the Worcester County Jail. On March 28, 1990, Lubin was ordered removed in absentia after he failed to appear at his deportation hearing. The Immigration Court ordered Lubin's removal because he entered the country without inspection by an immigration officer and, on May 5, 1987, was convicted and sentenced to three years for delivery of cocaine in Orange County, Florida. Lubin was taken into Immigration Customs Enforcement (ICE) custody on March 4, 2005, following an arrest in Montgomery County, Maryland.

On September 12, 2005, Lubin filed the instant Petition asserting that his continued detention in the Worcester County Detention Center is unlawful because ICE officials are unable

---

[1] The Clerk will substitute Ira Shockley, the Warden of the Worcester County Detention Center, as Respondent. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2717 (2004) (proper Respondent is the warden of the detention facility where the alien is being held).

to obtain travel documents to return him to Haiti. (Docket No. 1). He does not challenge the decision finding him subject to removal.

## II.   STANDARD OF REVIEW

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about an alien's removal from the United States and does not permit indefinite detention. After six months, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 700. If the Government response fails, the petitioner may be entitled to release from detention.

## III.   ANALYSIS

Lubin has been detained for ten months while awaiting deportation. The Government has produced evidence that travel documents have been obtained for Lubin's removal to Haiti, and he is scheduled to be deported on or about the week of December 17, 2005. (Docket No. 5). This Court finds that the Government has rebutted Lubin's claim that his detention violates the Supreme Court's holding in Zadvydas.

## IV.   CONCLUSION

For the reasons stated herein, the Court will, by separate Order, DENY Lubin's Petition and require a status report from the Respondent within 30 days of the date of the Order informing this Court of the status of his removal.

Dated this 14th day of December, 2005.

                                              /s/
                                          Benson Everett Legg
                                          Chief Judge